**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Epigmenio RODRIGUEZ, Defendant—**
**Appellant.**

No. 04–50160.

D.C. No. CR–03–02671–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Sept. 15, 2005.

Christopher M. Alexander, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ellis Johnston, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rodriguez appeals from a judgment of conviction and sentence for one count of importation of marijuana (21 U.S.C. §§ 952, 960) and for one count of possession of marijuana with intent to distribute (21 U.S.C. § 841(a)(1)). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and remand in part.

We have repeatedly held in border cases that the routine handcuffing of a detainee as a safety precaution while escorting him

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to the security office, even when combined with the frisking of the detainee, does not convert a reasonable detention into an unreasonable detention or an illegal arrest. *E.g., United States v. Nava,* 363 F.3d 942 (9th Cir.2004), *cert. denied,* — U.S. —, 125 S.Ct. 439, 160 L.Ed.2d 347 (2004); *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003) (as amended); *United States v. Zaragoza,* 295 F.3d 1025 (9th Cir.2002), *cert. denied,* 538 U.S. 956, 123 S.Ct. 1651, 155 L.Ed.2d 506 (2003); *United States v. Bravo,* 295 F.3d 1002 (9th Cir. 2002), *cert. denied,* 538 U.S. 971, 123 S.Ct. 1775, 155 L.Ed.2d 530 (2003). These cases control our decision here. Rodriguez's detention was reasonable.

Rodriguez challenges his sentence on the ground that it was based upon facts, other than prior convictions, not found by a jury beyond a reasonable doubt in violation of the Sixth Amendment. Rodriguez did not raise the constitutional objection in the district court and therefore we review for plain error. Because we cannot answer the plain error question on this record, we remand for a determination by the district court. Rodriguez also raises a challenge to the sentence based on the use of mandatory guidelines. Therefore, we also "remand to the district court ... for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

AFFIRMED IN PART; REMANDED IN PART.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.